## MILLS v. UNITED STATES.
### No. 4144.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1937.

R. Clarence Dozier, of Elizabeth City, N. C. (S. M. Blount, of Washington, N. C., on the brief), for appellant.

Charles F. Rouse, Asst. U. S. Atty., of Kinston, N. C. (J. O. Carr, U. S. Atty., of Wilmington, N. C., and John H. Manning, Asst. U. S. Atty., of Raleigh, N. C., on the brief), for the United States.

Before PARKER and SOPER, Circuit Judges, and WYCHE, District Judge.

PER CURIAM.

This is an appeal from a judgment entered upon conviction of removing and concealing 110 gallons of whisky upon which the tax had not been paid, in violation of 26 U.S.C.A. § 1287. The facts are that on August 10, 1936, in Pitt county, N. C., members of the North Carolina State Highway Patrol observed the defendant driving a Ford coupé which seemed to be heavily loaded. They stopped defendant and made inquiry of him as to the nature of the load, when he voluntarily stated that the car was loaded with 110 gallons of whisky. They thereupon searched the car and found 22 5-gallon jugs of whisky upon which the tax had not been paid.

Questions have been raised as to the right of the North Carolina Highway Patrol to search cars suspected of transporting liquor, and as to the rule to be applied in the federal courts where defendants are there prosecuted for offenses discovered by state officers in the course of searches conducted in violation of constitutional rights of defendants. Neither of the questions need be considered, however, as it does not appear that any constitutional right of this defendant was in any respect violated by the officers who arrested him. Before he was arrested or his car searched, he had voluntarily stated that the car was loaded with whisky; and the officers certainly had reasonable ground to believe that a crime was being committed in their presence, to arrest defendant for this reason, and to search the car as an incident of the arrest.

Affirmed.